NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WISLY CALIXTE; et al., | No. 21-70540 |
| Petitioners, | Agency Nos. A209-760-568 |
| v. | A209-760-539 |
| | A209-760-540 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2023[**]

Before:    BENNETT, MILLER, and VANDYKE, Circuit Judges.

Wisly Calixte ("Calixte") and two family members, natives and citizens of

Haiti,[1] petition pro se for review of the Board of Immigration Appeals' ("BIA")

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1]    Calixte's daughter's Form I-589, application for asylum, withholding of removal, and protection under the Convention Against Torture reflects that she was born in Brazil and may be a dual citizen of Haiti and Brazil.

order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Calixte's testimony and record evidence as to the reason Calixte left Haiti and whether Calixte was blindfolded at the time he was initially kidnapped, and nonresponsive testimony as to whether Calixte has spoken to his parents since leaving Haiti. *See Shrestha*, 590 F.3d at 1040, 1045 (inconsistencies and the responsiveness of an applicant may be considered in assessing credibility under the totality of the circumstances); *see also Mukulumbutu v. Barr*, 977 F.3d 924, 926 (9th Cir. 2020) ("[T]here were sufficient indicia of reliability to permit the BIA and us to consider" a border interview because it was "conducted under oath, with contemporaneous notes containing the questions asked, and transcribed either by a French-speaking officer or with the aid of an interpreter." (citation omitted)). Calixte's explanations do not compel a

21-70540

contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Substantial evidence also supports the agency's determination that petitioners did not present documentary evidence that would otherwise establish their eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (applicant's documentary evidence was insufficient to rehabilitate his testimony or independently support claim).

The BIA did not err in declining to address the IJ's determination that petitioners were firmly resettled in Brazil, *see Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach), and we do not reach petitioners' contentions as to the merits of the firm resettlement bar because the BIA did not deny relief on this ground, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Thus, in the absence of credible testimony, petitioners' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of CAT protection because petitioners' claim was based on the same testimony the agency found not credible, and petitioners do not point to any other evidence in the record that

21-70540

compels the conclusion that it is more likely than not they would be tortured in Haiti. *See id*. at 1157.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**